### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| **STEPHANIE V. DYSON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WAL-MART STORES EAST, LP**, a Delaware limited partnership,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  8:22-cv-076**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **STEPHANIE V. DYSON** ("**DYSON**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.     This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act of 1992 (FCRA) for (1) gender discrimination in violation of Title VII, (2) gender discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2.      The Plaintiff, **STEPHANIE V. DYSON** ("**DYSON**" or "Plaintiff") is an individual and a resident of Florida at all times relevant to this action, and was employed by Defendant, **WAL-MART STORES EAST, LP** ("WALMART" or "Defendant) in Pinellas County, Florida. **DYSON** is a transgender male.

3.      Defendant, **WALMART** is a Delaware limited partnership that employed **DYSON** in Pinellas County, Florida. **WALMART** is an employer under Title VII and the FCRA.

4.      At all material times, **WALMART** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over **DYSON**'s state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Pinellas County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.04 since Pinellas County is within the Tampa Division.

8.      **DYSON** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 18, 2021 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

9.      **DYSON** began his employment with **WALMART** in January 2020, and was employed as a manager.

10.     **DYSON** always performed his assigned duties in a professional manner and was very well qualified for his position.

11.     **DYSON**, by virtue of his gender, and more specifically – his transgender status – is a member of a protected class.

12.     Upon beginning his employment, **DYSON** began to be treated in a disparate manner by his supervisor, who specifically denied **DYSON** the ability to attend academy training and then demoted him because he had not received that academy training. This is a practice the supervisor put in place as to other LGBTQ subordinate employees.

13.     On June 1, 2020, **DYSON** complained to **WALMART** corporate about LGBTQ employees being terminated, harassed and not being trained.

14.     After **DYSON**'s complaint, **DYSON**'s supervisor was forced to reinstated him back to his former position.

15.     **DYSON**'s supervisor then began to harass him in retaliation.

3

16.     For example, on July 7, 2020, **DYSON**'s supervisor mocked the way he was dressing in front of his assistant manager. **DYSON**'s supervisor said "look how you are dressing, your shoes, socks and pants does not match." He continued to criticize the color of **DYSON**'s clothing and **DYSON** told him that he has a disability. Instead of stopping the harassment, **DYSON**'s supervisor responded "then stop having that disability." Non-LGBTQ employees were not subjected to such mistreatment and harassment.

17.     **DYSON** felt so humiliated, embarrassed and frustrated that he complained again to corporate about the training, and the harassment by his supervisor.

18.     On July 27, 2020, **DYSON** finally received the academy training. At this point, **DYSON**'s supervisor lodged a complaint against **DYSON** to **WALMART** corporate saying that **DYSON** was trying to unionize employees, which is not true.

19.     Shortly after, on July 31, 2020, **DYSON**'s supervisor gave **DYSON** a verbal coaching because of what was stated to be a problem with the opening of the store. That verbal coaching was **DYSON**'s first coaching and according to **WALMART** policy, he should have received a yellow. However, **DYSON**'s supervisor, in retaliation and because he does not like LGBTQ employees, gave **DYSON** a red coaching, which was much more serious than policy allowed.

4

20.     **DYSON**'s supervisor has harassed or terminated other openly LGBTQ employees like Jacob Bradow, Nick Brady, Elizabeth Torres, Ash (last name unknown) and Cassandra Frank.

21.     On that same day, **DYSON** complained again to corporate but to no no avail. The situated was hostile that **DYSON** sought (and continues to seek) mental therapy for the harassment to the point that **DYSON** has PTSD from the supervisor's actions.

22.     Shortly after, on August 20, 2020, **DYSON** was terminated due to his transgender status and in retaliation for lodging complaining.

23.     **WALMART**'s decision to terminate **DYSON**'s employment was predetermined and predicated on his gender.

24.     **WALMART** has violated Title VII and the FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

25.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

26.     **DYSON** is a transgender male and as such, is a member of a protected class.

27.     At all material times, **DYSON** was an employee and **WALMART** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

5

28. **DYSON** was, and is, qualified for the positions that he held with **WALMART**.

29. **DYSON** has endured disparate treatment while employed with **WALMART**, thereby altering the terms and conditions of his employment.

30. The acts, failures to act, practices and policies of **WALMART** set forth above constitute intentional discrimination on the basis of **DYSON**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

31. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **DYSON** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

32. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **DYSON** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

33. As a direct and proximate result of **WALMART**'s actions, **DYSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

34.     **DYSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION

35.    Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

36.    **DYSON** is a transgender male and as such, is a member of a protected class.

37.    At all material times, **DYSON** was an employee and **WALMART** was his employer covered by and within the meaning of the FCRA.

38.    **DYSON** was, and is, qualified for the positions that he held with **WALMART**.

39.    **DYSON** has endured disparate treatment while employed with **WALMART**, thereby altering the terms and conditions of his employment.

40.    The acts, failures to act, practices and policies of **WALMART** set forth above constitute intentional discrimination on the basis of **DYSON**'s gender in violation of the FCRA.

41.    As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **DYSON** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

42.    As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against him, **DYSON** is entitled to all relief necessary to make him whole as provided for under the FCRA.

43.    As a direct and proximate result of **WALMART**'s actions, **DYSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44.    **DYSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.     Compensatory damages'

viii.     Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

45.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

46.     **DYSON** is a transgender male a person and, as such, is a member of a protected class.

47.     At all material times, **DYSON** was an employee and the Defendant was heis employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

48.     **DYSON** was qualified for the positions that he held with the Defendant.

49.     **DYSON** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed his growing discomfort concerning the same.

50.    **DYSON**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

51.    Said protected activity was the proximate cause of the Defendant's negative employment actions against **DYSON**.

52.    Instead of preventing said treatment, the Defendant retaliated against **DYSON**.

53.    The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

54.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **DYSON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

55.    As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **DYSON** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

56.    As a direct and proximate result of the Defendant's actions, **DYSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

11

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57.   **DYSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.     Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

58.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

59.     **DYSON** is a transgender male a person and, as such, is a member of a protected class.

60.     At all material times, **DYSON** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

61.     **DYSON** was qualified for the positions that he held with the Defendant.

62.     **DYSON** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed his growing discomfort concerning the same.

63.     **DYSON**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

64.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **DYSON**.

65.     Instead of preventing said treatment, the Defendant retaliated against **DYSON**.

66.    The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

67.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **DYSON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

68.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **DYSON** is entitled to all relief necessary to make him whole as provided for under the FCRA.

69.    As a direct and proximate result of the Defendant's actions, **DYSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

70.    **DYSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.     Compensatory damages;

viii.     Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the Plaintiff, **STEPHANIE V. DYSON,** by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 10, 2022          **<u>/s/ Benjamin H. Yormak</u>**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com